[Civ. No. 9288. First Appellate District, Division One.—November 9, 1934.]

FRED REED, Appellant, v. EDWARD ROSE et al., Respondents.

Sawyer & Sawyer and F. W. Sawyer for Appellant.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, R. Robert Hunter, Deputy District Attorney, and Myron Harris for Respondents.

McNUTT, J., *pro tem.*—Appeal from a judgment of dismissal for want of prosecution.

The provisions of the code relating to the power to set aside dismissals are remedial, intended to be liberally

construed and applied by trial courts to the end that meritorious trials may be had rather than that snap or default judgments prevail. Equally recognized and established is the rule that when a trial court has acted thereunder, its determination will be disturbed only where an abuse of its discretionary power is manifest. The typical case wherein relief from one's own delinquency is sought is of a person sued, of course *in invitum,* who has failed, perhaps from an inadequate appreciation of a situation forced upon him, to seek timely advice or protection. ■ Here, however, we have an actor or aggressor, a plaintiff, so unconcerned over his own invocation of judicial action to redress asserted injury that he not only let his case lie dormant for years but, when called upon after order of dismissal, to explain his so-called "excusable neglect", could not tell where he had been during much of the elapsed time, or what private enterprise incapacitated him to go forward with a public one which he had commenced. Excerpts from the record chronologically and generally significant demonstrate a sound exercise rather than an abuse of discretion by the trial court in denying relief under section 473 of the Code of Civil Procedure, on the grounds of the alleged mistake, inadvertence and excusable neglect of plaintiff personally, no question of due diligence of his counsel, Mr. Sawyer, being involved.

March 27, 1926, plaintiff sued for false arrest as of April 9, 1925. The complaints were signed by Mr. Sawyer, there being two, and the actions were consolidated for trial. (Tr., p. 32, fol. 96); February 25, 1929, defendant filed a memorandum to set case for trial. The order of consolidation having been made, the court had set April 17, 1929, as the date of trial; notice of time of trial was served April 9, 1929, and thereafter filed (Tr., pp. 62 and 63); April 17, 1929, the case was called for trial, plaintiff was absent and had no witness present; plaintiff's attorney appeared and announced that he had no evidence to offer and that, since he had failed to legally demand a jury, he could not proceed, whereupon the court dismissed the actions (Tr., pp. 10–12, and pp. 77 and 79).

From April 17, 1929, to October 15, 1929, plaintiff (now appellant) did nothing, and on October 15, 1929, motion was made for an order to set aside the judgment of dis-

missal made April 17, 1929. (Tr., pp. 15–20.) The record discloses that the first appearance of plaintiff in court was October 15, 1929; November 4, 1929, after testimony, oral and documentary, had been received, the court denied the motion; November 13, 1929, plaintiff filed notice of appeal, but no steps were taken to perfect his appeal until October, 1933, when the transcript on appeal was filed.

Plaintiff could not explain why he was not in court on the calling of the case for trial.

"Q. Were you up here at the date this case was set for trial? A. No. Q. Why not? A. Well, I could not be here, that is all. Q. I beg your pardon? A. I do not know why I was not here." (Tr., p. 41.)

After the commencement of the action and before receiving notice of setting of cause, plaintiff's attorney had made many efforts to get in touch with him, but to no avail, and he guesses that he had not given his address to his attorney. "I guess he did not have my address." (Tr., p. 37.) From the transcript, pages 33 to 47 of the plaintiff's oral examination, it appears that he did not know just where he was during the pendency of the suit, but he probably was back and forth between Mexico and Los Angeles; that he had never made any effort to communicate with his attorney, that he never saw him during any of the time, that he did not have any particular address in Los Angeles, that he guesses he was in Los Angeles on Christmas, 1928; that he knew Mr. Sawyer's address, that he never communicated with him about these cases.

December 17, 1928, Mr. Sawyer wrote to him at plaintiff's mother's address in San Jose, telling him that not having heard from him he had commenced the actions, that they were ready for trial, that he could not try them without evidence, that if he did not intend to appear as a witness to let him know, that he was writing him at his mother's address because she had told him that she might find out some way of getting the letter into the plaintiff's hands. February 26, 1929, plaintiff's attorney, apparently in despair, addressed plaintiff's mother at San Jose a letter, telling her that the court was fixing the date of trial which required him to say whether he would desire a jury, that for a long time past he had tried to get in touch with her son, that he was not inclined to incur further costs, that

unless her son (plaintiff) got in touch with his attorney the actions would be dismissed. April 11, 1929, plaintiff's attorney, Mr. Sawyer, wrote attorney Hart of Los Angeles, acknowledging a letter from Hart to him of April 6, 1929, concerning the cases. He told Mr. Hart that he, Sawyer, had replied at once to Hart's letter referred to; that meanwhile he had received a notice of trial and was informing him, and through him Mr. Reed that the trials had been fixed for April 17th, at 9:30 A. M., at which time the cases would be tried or dismissed. The letter closed, "I would like to hear from you and be sure and get word to our busy client." Hart's letter to Sawyer of April 6, 1929, says that Mr. Fred Reed had asked him to write concerning the damage suits which he understands are still pending, and announced to Mr. Sawyer that he, Hart, was Reed's attorney. April 8, 1929, Mr. Sawyer answered Hart's letter explaining that he would have to have $80 to deposit as jury fees, and that if the demand was not made at once it would be denied. On April 15, 1929, Mr. Hart sent Reed's check for $80 to Mr. Sawyer to be used as jury fees. However, when the case was called on the 17th, Mr. Reed, "that very busy man from Sherman" (see letter of Mr. Sawyer, Tr., p. 48), was not on hand, and, as has been said, when asked why he was not in court, answered, "I do not know why I was not here." (Tr., p. 41.)

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.